WILLIAM B. CAREY, 8212160
Attorney for Defendant
1502 West 34th Avenue
Anchorage, Alaska  99503

Telephone:   (907) 272-4255
Facsimile:    (907) 272-4256

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>              Plaintiff,                        )<br>vs.                                                      )<br>                                                              )   Case No. J04-004-03 (JWS)<br>FRANCIS S. GUERRERO,             )<br>                                                              )<br>              Defendant.                    ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REDUCE**

**SENTENCE**

**I.    Introduction.**

The defendant, FRANCIS S. GUERRERO, asks the court for an order reducing his sentence in this matter from 210 months to 120 months, the statutory mandatory minimum, pursuant to 18 U.S.C. § 3582(c)(2), the retroactive amendment to cocaine base guideline and U.S. v. Booker, 125 S.Ct. 738 (2004), which holds, in essence, that the sentencing guidelines are advisory in nature.  Application of the retroactive amendment reduces Mr. GUERRERO's total adjusted offense level from offense level 33 to offense level 31 and, with a criminal history category of V, a lower end sentence based on the retroactive amendment alone would result in a 168 month sentence.

This result is arrived at as follows:

For purposes of resentencing, the total drug quantity must be recalculated pursuant to § 2D1.1 commentary (n. 10(d)). First a base offense level must be determined solely based on the amount of crack, 1,096 grams, which results in a base offense level of 34. That amount is then multiplied by the marijuana equivalent assigned to a base offense level of 34, which is 6 kilograms of marijuana. This results in a marijuana equivalent of 6,576 kilograms of marijuana. As to the other drugs involved in this matter, 494.3 grams of cocaine is equivalent to 98.86 kilograms of marijuana, and 439.7 of actual methamphetamine ("ice") is equivalent to 8,780 kilograms of marijuana. This brings the total to 15,454.86 kilograms of marijuana equivalency. The base offense level for 15,454.86 kilograms of marijuana is level 36. Applying the three level downward adjustment for acceptance of responsibility and an additional two level downward departure for substantial assistance, the adjusted offense level is 31, with a criminal history category of V. The sentencing guideline range is therefore 168 to 210 months. At a minimum, Mr. GUERRERO should be resentenced at the low end of this guideline range, or 168 months

**II      Statement of Relevant Facts.**

### Indictment and Plea Agreement

The grand jury originally charged FRANCIS S. GUERRERO, together with three co-defendants, with conspiracy to distribute and possession with intent to distribute more than 50 grams of cocaine base (crack), more than 50 grams of "ice" and more than 500 grams of cocaine (powder) in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) and (b)(1)(C). Count II charged Mr. GUERRERO and his co-

defendants with possession with intent to distribute more than 50 grams of crack, more than 50 grams of "ice" and approximately 494 grams of cocaine powder in violation of 21 U.S.C. §§ 841 (a)(1)(b)(1)(A) and (C). Mr. GUERRERO pled guilty to Count I of the indictment.

Mr. GUERRERO's presentence report and ultimately, the Court's sentence, held Mr. GUERRERO responsible for the following drug amounts:

1. 494.3 grams of cocaine powder (equal to 98.86 kilograms of marijuana pursuant to U.S.S.G. § 2D1.1 comment n.6 and the Drug Equivalency Tables);

2. 439.7 grams of actual methamphetamine (equal to 8,780 kilograms of marijuana); and

3. 1,096 grams of crack cocaine (equal to 21,920 kilograms of marijuana).

The total amount of drugs therefore equaled 30,798.86 kilograms of marijuana, setting the base offense level at 38 (over 30,000 kilograms of marijuana).

### Sentencing

The presentence report established that Mr. GUERRERO was in Criminal History V and that his total adjusted offense level, with acceptance of responsibility was offense level 33 [PSR p. 5]. The government moved for a two level downward departure pursuant to U.S.S.G. § 5K1.1 for Mr. GUERRERO's substantial assistance. The motion was granted. The government further agreed that Mr. GUERRERO's criminal history was over represented and should properly be set at Category V.

Base Offense Level…………………………………………………..38

Substantial Assistance…………………………………………….-2

  Acceptance of Responsibility……………………………………..-3

  Total Adjusted Offense Level…………………………………..33

  Criminal History Category……………………………………...…V

This computation exposed Mr. GUERRERO to an advisory guideline range of 210 to 262 months and the court, consistent with the plea agreement, imposed a 210 month sentence.

**III. The Retroactive Cocaine Sentencing Guideline Amendment.**

Congress, the courts, and the Sentencing Commission have long been troubled by the apparent disparate treatment of cocaine powder and cocaine base and the controversy surrounding the 100 to 1 ratio need not be discussed in this memorandum. It is sufficient to point out that effective March 3, 2008, the cocaine base sentencing guideline has been amended in a manner that reduces all base offense levels for cocaine base by two levels. This amendment has been expressly made retroactive.

**IV. Application of the Retroactive Amendment to Mr. GUERRERO.**

Applying this retroactive amendment to Mr. GUERRERO advisory sentencing guideline computation reduces his base offense level from 38 to 36. This, in turn, reduces his total adjusted offense level from 33 to 31 and the advisory guideline computation is as follows:

  Base Offense Level……………………………………………..36

  Substantial Assistance……………………………………………-2

  Acceptance of Responsibility……………………………………..-3

  Total Adjusted Offense Level…………………………………..31

Criminal History Category……………………………………..…V

This revised guideline computation thus exposes Mr. GUERRERO to an advisory sentencing guideline range of 168 to 210 months.

In light of Booker, however, trial courts are no longer bound by the guidelines and are required to evaluate each guideline sentence in view of the policies and goals set out in 18 U.S.C. § 3553(a).  The ultimate test for the review of sentences on appeal would be their reasonableness, even those deviating from what otherwise would be the guideline sentences.  Booker, 125 S.Ct. at 765-66.  This court is therefore free to deviate from the guidelines sentence on the basis of what is reasonable.  In making this determination, it is the defendant's position that the court should consider the reduction of co-defendant Robert Moore's sentence to a term of 67 months.  Moore was the organizer and point man for the conspiracy in this case and was primarily responsible for the importation of the contraband into the State of Alaska.  Mr. GUERRERO was a local distributor who in fact was unprepared for the quantity of drugs that arrived at his residence on the day of his arrest.  It is the defendant's position that a sentence of 120 months, the mandatory minimum sentence applicable in this case, is the appropriate sentence given the facts of this case and the factors set out in 18 U.S.C. § 3553.

RESPECTFULLY SUBMITTED this 30th day of May, 2008.

          WILLIAM B. CAREY
          Attorney for the Defendant

          /s/ William B. Carey

William B. Carey
Alaska Bar No. 8212160
Telephone:     (907) 272-4255

        Facsimile:    (907) 272-4256
        e-mail: bcarey@alaska.com

I hereby certify that on this 30<u>th</u> day of May, 2008, a copy of the forgoing <u>Memorandum of Law in Support of Motion to Reduce Sentence</u> was electronically served on the following:

U.S. Attorney